IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL EDWARDS SIMMONDS, REBECCA JO SIMMONDS, and BENJAMIN PAUL SIMMONDS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. CIV-10-493-JHP |
| DARIN J. UPTON, individually and in his official capacity as an agent of the DISTRICT 17 DRUG TASK FORCE FOR THE STATE OF OKLAHOMA, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Defendants' Motion and Supplemental Motion for Summary Judgment (Dkts.# 18 and 37).

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Mickelson v. New York Life Ins. Co.,* 460 F.3d 1304, 1310 (10th Cir. 2006). Furthermore,

if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)*. In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmovant, however, must still identify sufficient evidence requiring submission to the jury to survive summary judgment. *Piercy v. Maketa,* 480 F.3d 1192, 1197 (10th Cir. 2007).

The Court, after careful review of the pleadings, and based upon the reasons as more fully set forth in Defendants' Motion and Supplemental Motion for Summary Judgment (Dkt. #s 18 and 37), finds that Plaintiffs have failed to meet this standard and Defendants' Motions are GRANTED.

**IT IS SO ORDERED** this 11th day of April, 2012.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma